IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTIAN GAONA,

    Plaintiff,

v.                                    C.A. No.:   1:20-cv-405

RHINO ELECTRICAL SERVICES, LLC, and
RYAN WESLEY LINKHART,

    Defendants

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTIAN GAONA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, RHINO ELECTRICAL SERVICES, LLC, and RYAN WESLEY LINKHART (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, RHINO ELECTRICAL SERVICES, LLC, has offices Hays County, Texas.

## THE PARTIES

4. Plaintiff, CHRISTIAN GAONA, is an individual residing in Travis County, Texas.

5. Plaintiff, CHRISTIAN GAONA, was employed by Defendants from February 5, 2020, until March 31, 2020, as an "Electrician," at the regular rate of $25.00 per hour. Plaintiff's principle duties were to install electrical wiring of commercial buildings, transmission lines, and related equipment.

6. Defendant, RHINO ELECTRICAL SERVICES, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Hays County, Texas.

7. Defendant, RHINO ELECTRICAL SERVICES, LLC, is a company that primarily operates an electrical contracting business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, RYAN WESLEY LINKHART, is an individual residing in Hays County, Texas.

9. Defendant, RYAN WESLEY LINKHART, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, RHINO ELECTRICAL SERVICES, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, RYAN WESLEY LINKHART, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, RHINO ELECTRICAL SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, RHINO ELECTRICAL SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, RHINO ELECTRICAL SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.

16. Defendants treated Plaintiff as an "independent contractor," but in reality the Plaintiff was an employee. Defendants set Plaintiff's schedule, rate of pay, regulated his hours worked and directly supervised his work,

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

17. Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*, as if fully set forth herein.

18. Plaintiff 1) occupied the position of "Electrician;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an straight hourly basis.

19. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

20. Plaintiff was not paid for his overtime work in accordance with the FLSA.

21. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

22. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants in the following workweeks that was in excess of 40 hours in a workweek:

   a. February 14, 2020; 61.5 hours;

   b. February 21, 2020; 49.0 hours;

   c. February 28, 2020; 41.0 hours;

   d. March 6, 2020; 40.50 hours;

   e. March 13, 2020; 52.0 hours;

   f. March 20, 2020, 42.0 hours;

   g. March 27, 2020; 43.0 hours.

23. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous

workweeks.

24. Defendants' policy of not properly paying overtime is company-wide and was willful.

25. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

27. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

29. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRISTIAN GAONA, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*, as if fully set forth herein.

31. Plaintiff 1) occupied the position of "Electrician;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an straight hourly basis.

32. Defendants' management required Plaintiff to sixteen (16) hours in the workweek ending April 3, 2020. Plaintiff was not paid at least the then-current minimum wage for his work in accordance with the FLSA.

33. Defendants willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-

current minimum wage for each hour worked in a workweek.

34. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

35. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wage pay pursuant to 29 U.S.C. § 216(b).

36. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

37. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

38. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRISTIAN GAONA, demands Judgment against Defendants, jointly and severally, for the following:

e. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff pre-judgment, moratory interest as provided by law,

        should liquidated damages not be awarded;

g.     Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

h.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
## CAUSE OF ACTION: BREACH OF CONTRACT

39.     Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*, as if fully set forth herein.

40.     On or about February 5, 2020, Plaintiff and Defendant, RHINO ELECTRICAL SERVICES, LLC, entered into a verbal agreement for employment.

41.     Pursuant to the terms of the Parties' employment agreement, Plaintiff was to be paid at his regular hourly rate $25.00 per hour for his work.

42.     In furtherance of the Parties' employment agreement, Plaintiff performed and sixteen (16) hours in the week ending April 3, 2020, for which he was not compensated at all.

43.     Defendant breached the Parties' agreement by not compensating Plaintiff for all of him hours worked at the appropriate agreed upon rate.

44.     As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

45.     All conditions precedent to this contract have occurred, have been

waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, RHINO ELECTRICAL SERVICES, LLC, for the following:

i. Awarding Plaintiff his unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

j. Awarding Plaintiff pre-judgment interest as provided by law,;

k. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CHRISTIAN GAONA, demands a jury trial on all issues so triable.

Respectfully submitted this April 16, 2020.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFFS**